CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER DEAN HUBBARD, | ) |
| Petitioner, | ) Case No. 7:11CV00100 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) By: Glen E. Conrad |
| COMMONWEALTH, | ) Chief United States District Judge |
| Respondent. | ) |

Petitioner Christopher Dean Hubbard, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement pursuant to the December 2009 judgment of the Henry County Circuit Court. Upon review of the record, the court finds that the petition must be summarily dismissed because Hubbard has not exhausted available state court remedies.

Hubbard alleges that he was found guilty without evidence of being a habitual offender under a statute that no longer exists, in violation of double jeopardy principles. He also appears to assert that the conviction contributed to the improper revocation of his probation in another jurisdiction.[1] The court notified Hubbard that electronic records for the Supreme Court of Virginia indicated that Hubbard has not presented his current claims to that Court.[2] The court then notified Hubbard that unless he demonstrated within ten days that his claims had been

---

[1] Hubbard is advised that if he wishes to challenge the validity of his confinement under the revocation judgment, he may raise such claims only in a separate petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and must demonstrate exhaustion of available state court remedies.

[2] Electronic records of the Supreme Court of Virginia available online at:
http://208.210.219.132/scolar/select2.jsp;jsessionid=0000LSN3VNP5MT4Z2RNHZDP1FKQ:ulnfn1uq

presented to the Supreme Court of Virginia as required for exhaustion, his petition would be dismissed. Hubbard responded, but offered nothing to refute the evidence that he has not yet presented his current claims to the Supreme Court of Virginia.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. It appears that Hubbard could still file a habeas petition in the Supreme Court of Virginia. See Va. Code Ann. § 8.01-654(a)(1). Therefore, the court concludes that his § 2254 petition must be dismissed without prejudice, based on his failure to exhaust available state court remedies.[3] See Slayton v. Smith, 404 U.S. 53 (1971) (requiring federal habeas court to dismiss § 2254 petition without prejudice if petitioner has not exhausted available state court remedies). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of March, 2011.

_____
Chief United States District Judge

---

[3] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief *after* presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d).